IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHANENDRA B. GOTTIPATI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-2086-RGA |
| JALAPURAM SHIVA PRASAD, et al., | : |
| Defendants. | : |

Phanendra B. Gottipati, Townsend, Delaware. Pro Se Plaintiff.

Baddam Mounika, Bear, Delaware, and Kotha Ramana, Chadds Ford, Pennsylvania. Pro Se Defendants.

**MEMORANDUM OPINION**

February 10, 2020
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Phanendra B. Gottipati, who resides in Delaware, appears *pro se* and has paid the filing fee, commenced this breach of contract action on November 4, 2019. (D.I. 1). The Complaint asserts jurisdiction by reason of diversity of the parties. *See* 28 U.S.C. § 1332.

## BACKGROUND

The Complaint states that Plaintiff resides in Townsend, Delaware and that Defendant Jalapuram Shiva Prasad resides in Glen Mills, Pennsylvania; Defendant Baddam Mounika resides in Bear, Delaware; and Defendant Kotha Ramana resides in Chadds Ford, Pennsylvania. Plaintiff and Defendants entered into an agreement to for the sale of a business. Plaintiff filed the action in this Court because he sold assets to Defendants and alleges the sale took place in Newark, Delaware. While not clear, it appears that Plaintiff alleges Defendants did not make full payment under the contract. Plaintiff appears to seeks $25,000 (D.I. 1 at 4-5), but later specifies that the amount sought is $18,500 plus court fees and interest payments on the $18,500 (*id.* at 7).. All Defendants have been served and Mounika and Ramana have answered the Complaint.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, and thus may adjudicate cases and controversies only as permitted under Article III of the Constitution. U.S. Const. art. III, § 2; *see also Philadelphia Federation of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998). Federal courts have a continuing obligation to raise the issue of subject matter jurisdiction *sua sponte* when it is in question. *See, e.g., Bracken v. Matgouranis*,

296 F.3d 160, 162 (3d Cir. 2002). Pursuant to Fed. R. Civ. P. 12(h)(3), a court must dismiss a complaint if "it determines that it lacks subject matter jurisdiction." In determining whether a *pro se* complaint asserts a valid basis for subject matter jurisdiction, the Court must be mindful to construe the complaint liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Finally, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. __, 136 S.Ct. 1885, 1892 (2016).

## DISCUSSION

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. The factual allegations contained in the instant Amended Complaint do not fall within the scope of either form of this court's limited jurisdiction. There is no federal question. Rather, the claim arises under state law. Indeed, the agreement states in Paragraph 41, "This Agreement will be governed by and construed in accordance with the laws of the State of Delaware." (D.I. 1-1 at 12).

Nor are the parties alleged to be diverse. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 nn.13-16 (1978). The Court lacks diversity jurisdiction in this case because Plaintiff fails to demonstrate complete

diversity. Plaintiff and one Defendant – Mounika – are both residents of the State of Delaware. Citizenship is not specifically alleged, and it certainly appears on the basis of the residency allegations that it cannot be alleged. In addition, the amount in controversy is clearly less than $75,000.

In light of the foregoing, there is no basis for the Court to exercise jurisdiction over the matter. Therefore, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

An appropriate Order will be entered.